**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ALONZO JOHNSON,<br>        Plaintiff, | Case No. 1:20-cv-480 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| CHIEF INSPECTOR CENTRAL<br>OFFICE, et al.,<br>        Defendants. | **ORDER AND REPORT**<br>**AND RECOMMENDATION** |

Plaintiff Alonzo Johnson, an inmate currently incarcerated at the Pickaway Correctional Institution in Orient, Ohio, has filed a motion for a leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint against defendants the Chief Inspector Central Office and Director of the Central Office. (Doc. 1).

The complaint—which plaintiff indicates is two complaints—includes distinct and separate factual allegations from the Scioto County Jail and the Pickaway Correctional Institution (PCI), where plaintiff is presently confined. (Doc. 1-1, Complaint at PageID 17–18). Plaintiff complains that he was prescribed psychiatric medication and improperly indicted for felonious assault while at the Scioto County Jail. With respect to PCI, plaintiff claims that he is being denied medical care for his left knee. (*Id.* at 18).

It appears that the case is properly filed with this Court to the extent that plaintiff brings claims regarding incidents which occurred at the Scioto County Jail. Scioto County is a county within the Western Division that is served by this Court. *See* Local Rule 82.1(b). However, the PCI is in Pickaway County, which is located within this District's Eastern Division. *See id.* The claims contained in the instant complaint relating to plaintiff's medical care at PCI are separate and distinct from those properly before this Court as they arose at another location

outside this Court's purvey, involved different defendants, and stemmed from different conditions and incidents occurring in different time frames. Therefore, plaintiff's joinder of the two sets of claims in a single civil action does not satisfy the criteria for joinder under Fed. R. Civ. P. 20(a). Fed. R. Civ. P. 21 provides that the misjoinder of parties "is not a ground for dismissing an action," but that the court may "on its own . . . add or drop a party" and "sever any claim against a party." Here, it is appropriate to order the severance of those claims that fall outside this Court's venue jurisdiction. Once the claims are severed, the claims must be transferred to the Eastern Division of this Court under Local Rule 82.1 because "that is where the rule would have required them to be brought had they been properly filed in a separate action." *Cf. Brown v. Warden Voorhies, et al.*, No. 2:07-cv-13 (S.D. Ohio June 13, 2007) (Frost, J.; Kemp, M.J.) (Doc. 6, p. 3).

With respect to plaintiff's motion to proceed *in forma pauperis* on the claims properly venued in this division, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Johnson is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three prior complaints filed by him while he has been a prisoner were dismissed

2

with prejudice for failure to state a claim upon which relief may be granted. *See Johnson v. United States*, Case No. 1:11-cv-208 (Beckwith, J.; Wehrman, M.J) (S.D. Ohio May 18, 2011) (Doc. 5, 7, 8); *Johnson v. State of Ohio*, Case No. 2:09-cv-794 (Economus, J.; King, M.J.) (S.D. Ohio Sept. 22, 2010) (Doc. 10, 11); *Johnson v. State of Ohio*, Case No. 1:07-cv-112 (Beckwith, J.; Black, M.J.) (S.D. Ohio Mar. 26, 2007) (Doc. 8, 9); *Johnson v. State of Ohio*, Case No. 1:05-cv-695 (Dlott, J.; Hogan, M.J.) (S.D. Ohio Nov. 21, 2005) (Doc. 6). The previous dismissals for failure to state a claim upon which relief may be granted prevent Mr. Johnson from obtaining pauper status in the instant action.[1]

In view of his three "strikes," Mr. Johnson may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry*

---

[1] *See Johnson v. Ohio Dep't. Rehab. and Corr.*, No. 1:19-cv-384 (Dlott, J.; Bowman, M.J.) (S.D. Ohio May 3, 2019) (Doc. 2, 6) (ordering plaintiff to pay the full filing fee based on plaintiff's previous dismissals); *Johnson v. Ohio Dep't. Rehab. and Corr.*, No. 1:19-cv-619 (Black, J.; Litkovitz, M.J.) (S.D. Ohio Oct. 8, 2019) (Doc. 3) (same); *Johnson v. Ohio*, Case No. 1:19-cv-393 (Black, J.; Bowman, M.J.) (S.D. Ohio Dec. 19, 2019) (Doc. 5) (same); *Johnson v. United States Congress*, Case No. 1:20-cv-248 (Black, J.; Bowman, M.J.) (S.D. Ohio May 8, 2020) (Doc. 4) (same).

*v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. There is no indication that plaintiff is under "imminent danger of serious physical injury" due to his allegations concerning the Scioto County Jail. Plaintiff is now housed at a different institution and faces no threat of harm, let alone any imminent danger of serious physical injury related to the allegations properly venued in this action. *See Rittner v. Kinder,* 290 F. App'x 796, 797–98 (6th Cir. 2008) ("a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception"); *Abdul-Akbar*, 239 F.3d at 315 (3rd Cir. 2001) (en banc) (allegations of past harms are insufficient to meet the exception). As plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury, he does not meet the exception to section 1915(g).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's claims regarding his allegations of the denial of medical treatment at PCI should be severed from this case and transferred to the Eastern Division of this Court at Columbus.

To effectuate this Order, the Clerk shall open a new case in the Eastern Division and shall file all the documents of record that have been filed thus far in this case in the new case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALONZO JOHNSON,
    Plaintiff,

vs.

CHIEF INSPECTOR CENTRAL
OFFICE, et al.,
    Defendants.

Case No. 1:20-cv-480

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).