**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


ALONZO JOHNSON, JR.,                    Case No. 1:20-cv-480
     Plaintiff,

                                McFarland, J.
     vs.                                       Bowman, M.J.

CHIEF INSPECTOR
CENTRAL OFFICE, et al.,                 **REPORT AND**
     Defendants.                         **RECOMMENDATION**


On August 10, 2020, the Court denied plaintiff's motion to proceed *in forma pauperis* in this matter pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and ordered plaintiff to pay the $400.00 filing fee within thirty (30) days.  (Doc. 3).  Plaintiff was notified that the failure to pay the full filing fee within thirty days would result in the dismissal of this action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

To date, plaintiff has failed to pay the $400.00 filing fee as ordered by the Court. Accordingly, this case should be dismissed for plaintiff's failure to pay the $400.00 filing fee. *In re Alea*, 286 F.3d at 382.  Plaintiff remains liable for and should be assessed the full filing fee of $400.00.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  *See also In re Alea*, 286 F.3d at 382.


**IT IS THEREFORE RECOMMENDED THAT:**

1.  This case be dismissed for plaintiff's failure to pay the full filing fee as ordered by the Court.

2.  Plaintiff be assessed the full filing fee of $400.00.

3.  The Clerk of Court be **DIRECTED** to mail a copy of any Order adopting this Report and Recommendation, along with the attached instructions, to the Cashier of the prison at which plaintiff is confined, and that the Cashier be directed as follows:

The prison's Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid.[1]

4.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.   *See McGore*, 114 F.3d 601.


   *s/Stephanie K. Bowman*
   Stephanie K. Bowman
   United States Magistrate Judge

---

[1]The prison cashier's office shall not send payments aggregating more than the amount of the full fee.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALONZO JOHNSON, JR.,                                 Case No. 1:20-cv-480
          Plaintiff,

                                                     McFarland, J.
     vs.                                             Bowman, M.J.

CHIEF INSPECTOR
CENTRAL OFFICE, et al.,
          Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely

motion by either side for an extension of time.   All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.   Failure to make objections in accordance with this

procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).